IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DONALD M. DOVE,

        Plaintiff,

  v.

HON. SUPREME J. PESCE, *et al.*,

        Defendants.

Civil Action No.
3:13-CV-1417 (LEK/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

DONALD M. DOVE, *Pro Se*
10-B-0378
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

FOR DEFENDANTS:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Donald M. Dove, a New York State prison inmate, has commenced this action pursuant to 42 U.S.C. § 1983, alleging the deprivation of his civil rights. In his complaint, plaintiff asserts that a

weapons possession conviction, entered in or about 1986 in Kings County, was the product of a constitutional deprivation and was improperly utilized, for purposes of sentencing in connection with a subsequent conviction in Broome County, to support a finding that he is a persistent violent felony offender. Plaintiff's complaint is accompanied by an application for leave to proceed *in forma pauperis* ("IFP").

Plaintiff's complaint and accompanying IFP application have been forwarded to me for consideration. Based upon my review of those filings, I conclude that plaintiff is entitled to IFP status but that his complaint, which is identical to one filed in the Eastern District of New York and recently dismissed, should be dismissed based upon *res judicata*.

I. BACKGROUND

Plaintiff, a state prison inmate being held at the Elmira Correctional Facility, located in Elmira, New York, commenced this action on November 14, 2013. Dkt. No. 1. As defendants, plaintiff's complaint names Kings County Supreme Court Justice Pesce; Kings County District Attorney Charles J. Hines; Assistant District Attorneys Leonard Joblove, Thomas M. Ross, and Alison Ageyeba; and a John Doe defendant identified only as a police officer from an unknown department. *Id.* at 3. Plaintiff's complaint challenges a stop and frisk that apparently led to a weapons conviction

2

that was entered in Kings County in 1986, and that was later utilized to support a finding, following a subsequent conviction in Broome County, that he is a persistent violent felony offender. *Id.* at 4.

II. DISCUSSION

A. Application for Leave to Proceed IFP

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP, if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff meets the applicable requirements for that status, his IFP application is granted.

B. Sufficiency of Plaintiff's Complaint

1. Standard of Review

Because I have found that plaintiff Dove meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

3

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998));

4

*see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (internal quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Analysis</u>

Prior to filing his complaint in this action, plaintiff filed a civil rights complaint on October 17, 2013, in the United States District Court for the Eastern District of New York. *See Dove v. Pesce*, No. 13-CV-5766, Dkt. No. 1 (E.D.N.Y. filed Oct. 17, 2013). On October 30, 2013, District Judge Allyne R. Ross issued a memorandum and order in which he analyzed the sufficiency of plaintiff's complaint pursuant to his obligations under 28

U.S.C. § 1915. *Dove v. Pesce*, No. 13-CV-5766, Dkt. No. 5 at 2. Judge Ross found that dismissal of the complaint was appropriate based on two grounds, including that the claims asserted were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and because the individual defendants named in the complaint were protected from suit by absolute immunity. *Dove v. Pesce*, No. 13-CV-5766, Dkt. No. 5 at 3-5. Judge Ross also concluded that plaintiff's complaint failed to allege sufficient facts to demonstrate the existence of a plausible cause of action against defendant John Doe police officer. *Id.* Despite Judge Ross' certification that an appeal from his order dismissing the case would not be taken in good faith, plaintiff filed a notice of appeal of the order on November 8, 2013. *Dove v. Pesce*, No. 13-CV-5766, Dkt. No. 7.

A careful comparison between plaintiff's complaint in that earlier Eastern District of New York case and his complaint filed in this case reveals that the defendants identified in each are identical, as are the factual allegations, asserted causes of action, and requests for relief. Indeed, it appears that the complaint filed in this case is a photocopy of that filed in the Eastern District of New York.

As the Second Circuit has explained, claim preclusion, also known as *res judicata*, requires that a final judgment of an action be given

7

preclusive effect, barring parties as well as those in privity with them from relitigating in a subsequent action a claim which was or could have been raised in the prior suit. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002); *see also Fay v. South Colonie Cent. Sch. Dist.*, 802 F.2d 21, 28 (2d Cir. 1986), *overruled on other grounds, Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768 (2d Cir. 2002). Relevant to the circumstances now before me, the Supreme Court has opined that a dismissal under 28 U.S.C. § 1915(e) "could . . . have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In this instance, the defendants named in the complaint, factual allegations, causes of action, and requests for relief are all identical to the complaint brought before Judge Ross in plaintiff's case filed in the Eastern District of New York. Plaintiff's complaint in this case neither alleges new facts nor asserts alternative claims. Because Judge Ross has already determined the sufficiency of plaintiff's claims in the Eastern District case in his analysis under 28 U.S.C. § 1915, those same claims in this action are now barred by *res judicata*. *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) (affirming the district court's dismissal, which was based on *res judicata*, of the *pro se* plaintiff's complaint in light

of the dismissal of plaintiff's previous action pursuant to 28 U.S.C. § 1915(e)). For that reason, I recommend that plaintiff's complaint be dismissed.

C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be

9

productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, because I find that any amendment that might be offered by plaintiff would be futile, I recommend against granting him leave to amend.

III.    SUMMARY AND RECOMMENDATION

Plaintiff's application for leave to proceed *in forma pauperis* in this action appears to be proper and well-supported. Accordingly, he will be granted IFP status in this action.

Turning to the merits of plaintiff's complaint, however, I conclude that, because this action is duplicative of a suit previously filed by the plaintiff in the Eastern District of New York, and dismissed by the court, plaintiff's complaint in this case should be dismissed on the basis of *res judicata.* Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

10

RECOMMENDED that plaintiff's complaint in this action be DISMISSED in all respects as against all defendants, without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: December 20, 2013
        Syracuse, New York

David E. Peebles
U.S. Magistrate Judge